## John C. Galoupeau *v.* Daniel O. Ketchum.

A representation by a debtor, that he knows the note of a third person to be good, in reliance upon which a creditor takes the note and agrees to receive it in payment of a debt, when in fact the maker is insolvent, will relieve the creditor from his agreement, although the maker's insolvency was not known to the debtor when he made the representation.

Whether a note is received in payment for goods sold, or to be accounted for if collected, is a question of fact, the determination of which by a justice, upon conflicting and doubtful testimony, will not be interfered with on appeal.

THIS action was brought to recover $40 in cash, and also the value of certain crates of bottles. The plaintiff alleged that he had passed to the defendant the note of one Prescott, amounting to $343 50, for which the defendant had agreed to deliver forty crates of bottles, and pay $40 in money; and that after delivering twenty crates, the defendant had refused to deliver more, and had neglected to pay the $40. The above view of the contract between the parties was sustained by several witnesses testifying to conversations between them.

The defendant maintained that the note was taken by him simply to be accounted for if collected, and not in payment of the crates; that he was under no obligation to deliver in consideration of receiving the note; that even conceding the existence of the contract set up by the plaintiff, the same was not binding, by reason of false representations made by the plaintiff as an inducement to him to enter into it. Under an order of the court below, a receipt was produced, given by the defendant to the plaintiff on the delivery of the note, and in which it was stated that he was to account to the plaintiff for it.

Testimony was introduced to the effect that on the receipt of the note by the defendant, the plaintiff asserted that it was good, and he knew it to be good, while in fact the maker had failed the day preceding, and the failure had come to the defendant's knowledge after the delivery of the twenty crates. It did not appear that the plaintiff knew of the maker's insolvency when the above representation was made.

The Marine Court gave judgment for the defendant, from which the plaintiff appealed.

*David T. Easton,* for the plaintiff.

*George Catlin,* for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—Whether or not the defendant agreed to receive the note in payment, or to be accounted for, was a question depending on contradictory testimony within the province of the court below to decide. The plaintiff's evidence tends to show that it was received in payment, while the evidence for the defendant and the receipt which properly states the contract between the parties, warrant a contrary decision. The court below has adopted the latter view, and we are not at liberty to interfere with the judgment.

The defendant produced evidence of representations made by the plaintiff of the goodness of the note, and his knowledge that it was good. The maker testifies that at the time he was unable to pay it. Such representations, if false, were enough to vitiate the contract which the plaintiff alleges existed between the parties. If the plaintiff affirmed that he knew the note to be good, when in fact it was not, even although the plaintiff had no knowledge of the maker's insolvency, it was as much a false representation as if that fact had been known at the time.

There is no materiality in the question as to what Ketchum ascertained about the note. Whether he discovered it to be bad or not was immaterial, as Prescott testified positively that it was not good at the time. There is no ground for reversing the judgment.

Judgment affirmed.